**Aaron KINSER, Plaintiff-Appellee, Cross-Appellant,**

v.

**FORD MOTOR CREDIT COMPANY, Defendant-Appellee,**

**Allen Russell Ford, Inc., Defendant-Appellant, Cross-Appellee.**

**Nos. 79–1408, 79–1409.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1981.

Decided Feb. 10, 1982.

Jack W. Bowers, Foley, Bowers & Bell, George F. Legg, Stone & Hinds, Knoxville, Tenn., for defendant-appellant, cross-appellee.

James A. Burke, Rural Legal Services of Tenn., Inc., Oak Ridge, Tenn., William Allen, La Follette, Tenn., for plaintiff-appellee, cross-appellant.

Before MERRITT and BROWN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This case presents several questions about the construction of the Truth-In-Lending Act, 15 U.S.C. § 1601, *et seq.* (TILA), and Regulation Z, promulgated thereunder by the Federal Reserve Board at 12 C.F.R. § 226.1 *et seq.* The District Court adopted the conclusion of a special master that defendant, Allen Russell Ford, Inc., had in one respect violated the TILA. Defendants appeal that holding, and plaintiff cross-appeals the District Court's award of just $300 in attorneys' fees. Relying on *Anderson Bros. Ford v. Valencia*, 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981), decided after oral argument, we reverse in part and affirm in part.

In 1978 plaintiff arranged to purchase a truck from Allen Russell Ford. As was customary for such sales, the installment sales contract was assigned to Ford Motor Credit Co. The agreement provided for a $500 separately financed cash down payment, for another $500 to be provided a month later, and for a balance of some $6000 to be paid in monthly installments. As part of the transaction, Ford Credit financed plaintiff's premium for the purchase of credit life and credit accident and health insurance. The contract provided that the buyer assign to the seller any money payable under the insurance policies, including any returned or unearned premiums. It is that assignment that is the focus of this suit. Plaintiff subsequently defaulted, and the unearned portions of the insurance premiums were refunded to Ford Credit, reducing plaintiff's indebtedness to it.

In this suit plaintiff originally claimed 23 grounds for relief, including 14 claims under the TILA. Only the TILA claims survived until trial, and the one TILA claim ultimately accepted by the special master and the District Court involved the assignment of the unearned insurance premium. The District Court awarded plaintiff $1000, the maximum statutory damages, and an additional $300 in attorneys' fees.

In *Anderson Bros. Ford v. Valencia*, 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981), the Court decided the central issue present in this case. Relying on the purposes of the TILA, on Federal Reserve Board constructions of the term "security interest," and on the legislative history of the Truth in Lending Simplification and Reform Act, the Court concluded that an assignment of unearned insurance premiums was not a "security interest" under the TILA and therefore need not be disclosed as such under the Act. Plaintiffs are not then entitled to recover damages for the failure to disclose.

Plaintiff argues that even if the disclosure of the assignment of unearned insurance premiums does satisfy the requirements of the TILA, then his other claims still provide grounds for awarding damages and attorneys' fees.

The other claims are unpersuasive. Their central focus is on the treatment of the $500 "pickup amount," and the $500 "cash down payment," the latter amount having been separately financed and the former due a month after the purchase agreement was made. Plaintiff argues that neither should have been listed as part of the "total down payment;" that because the "pickup amount" was actually just one more installment, it should have been included in the "monthly installment" count; and that it should have been identified as a balloon payment. The magistrate held that the treatment of the "pickup amount" and the "cash down payment" on the financing agreement violated no provision of the TILA. We agree, finding that the agreement on its face is not misleading. Because we conclude that plaintiff was not entitled

to prevail on any of his TILA claims, no award of attorneys' fees is appropriate. 15 U.S.C. § 1640(a)(3).

Accordingly, the judgment of the District Court is affirmed in part and reversed in part and the case remanded with instructions to enter judgment for defendants.